OPINION of the Court, by
Ch. J. Boyxe.
This is a writ of error to a judgment obtained by the defendants in error, in an action of ejectment brought against them by the plaintiff in error.
The first question presented by the record, is whether the court below erred in awarding a new trial after a verdict for the plaintiff ?
It is evident from the hill of exception taken in this case to the decision of the coarfín awarding a newtriaJ, that there is a part of the evidence not spread upon the record ; ansi what the evidence was which was omitted to be spread .pm the record, does not appear. As we cannot in a case whore the evidence is thus partially stated, have a view of the whole ground upon which the case might have turned, it is impossible for this court with propriety to say that the court below has erred.
Another question which the record in this case presents, is whether the court below erred in instructing the jury ,oji the second tidal, that the defendants having shown an adverse grant of the same date as that of the plaintiff, was sufficient to prevent the plaintiff from recovering against them the land common to both those grants, without showing on their part any title under the adverse grant, or any connection between their possession and such adverse grant ?
In the case of Talbot vs. Callaway, (Hard. Rep. 56) it was held to he necessary in order to recover in ejectment, that the plaintiff’s grant should be elder than that of the defendant,; and in the case of Coleman and ux vs. Talbot, (2 Bibb 192) it was decided, that the plaintiff in ejectment could not recover against a defendant who had entered into possession with the consent of the patentee, whose patent was of the same date as that of the plaintiff, hut in neither of those cases was there any intimation given that a defendant might-prevent a recovery against him by showing an adverse grant oí the same date of that under which the plaintiff derived title, without also -showing that his possession was acquired under such adverse grant. Indeed, the opinion delivered in the latter case is plainly predicated upon the idea that the tenant in possession could not, under such circumstances, avail himself of the adverse patent.
*521 If it were conceded that he might do so, the necess a-vy consequence would be, that a mere intruder, without .the pretence of title, could hold the possession against both, grantees ; for if when an ejectment was brought by one, he might prevent a recovery by showing the grant of the other, so when an ejectment was brought by the latter, he might with the same propriety prevent a recovery by showing the grant of the former. 'A doctrine fraught with such consequences certainly cannot be admitted to be correct. *
The grant of the plaintiff in such a case is evidence of his right of entry; and to defeat it by showing a title in a stranger, such title should be paramount to that of the plaintiff.
Judgment reversed with costs.