*P. W. Hardin, for appellant.*

---

## A. J. BEALL *v.* WM. BETHEL'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 3—693, as Beall v. Bethell's Admr.]

### Competency of a Deposition.

Even if a deposition is in itself competent evidence, it will not be permitted to be read when the person giving it is present in court and did actually testify as a witness.

### Submission of Cause to the Court by Consent.

Where the law and the facts are by consent of the parties submitted to the court below, the judgment rendered in such cause is to be treated, as to the issues of fact, as the verdict of a jury would be treated.

### APPEAL FROM HARDIN CIRCUIT COURT.

March 25, 1882.

OPINION BY JUDGE LEWIS:

The law and facts having by consent of the parties been submitted to the court below, the judgment rendered in this case as

to the issues of fact must be treated as the verdict of a jury would be.

The only issue of fact about which there is any serious controversy is as to the value of the horses. At the time the two mares were delivered to Bethel they were valued and received by him at the appraisement, neither party objecting, but both agreeing to it. One of the mares has since that time been redelivered to the appellant, but no part of the sum for which they were pledged has been paid. So that while appellant is entitled to recover the value of the other mare and two colts and damages for their detention, the administrator of Bethel is entitled, under the pleading and in justice, to set off such recovery by the amount of his debt and the expenses incurred in raising, feeding, etc. We do not feel authorized to say from the record that the judgment of the court is palpably against the weight of the evidence.

We think the court properly sustained exceptions to the deposition of appellant. Even if it had been competent it would not have been proper to permit it read, as appellant was present in court, and did actually testify as a witness.

The judgment must therefore be *affirmed*.

*Wilson & Hobson, for appellant.*

*Hayes & Bush, for appellee.*