## Doherty v. First National Bank of Louisville.

(Decided November 24, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas No. 1).

1. Appeal—Former Opinion.—The opinion on the former appeal controls if the evidence is practically the same as to the salient and controlling facts of the case.

2. Contracts—Pleading.—In a suit on a contract by the defendant to be bound for the debts then existing, of a corporation to the amount of $70,000.00, a plea by the defendant that he afterwards signed other notes aggregating more than $70,000.00 with those sued for is not good when it does not show that these debts existed when the contract was made.

3. Contracts—Bar—When Judgment Not Bar.—A judgment against the defendant on his endorsement of the other notes is not a bar to a suit on the contract to pay the existing debts of a corporation.

4. Contracts—Mistake—Writings.—A mistake in a writing can not be shown to the prejudice of one who has accepted it and acted on it as written without notice of the mistake.

5. Banks—Directors—Contract With.—The directors of a bank being trustees for it, can not make with themselves any contract in their own favor to its prejudice.

O'DOHERTY & YONTS for appellant.

HELM BRUCE and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The facts of this case are stated in the opinion on the former appeal; the case was then reversed on the ground that the court erred in not sustaining the plaintiff's motion to instruct the jury peremptorily to find a verdict for it on the notes sued on. (See First National Bank v. Doherty, 156 Ky., 386.) On the return of the case to the circuit court, it was tried again and at the conclusion

of the evidence the circuit court, as directed by this court, instructed the jury peremptorily to find for the plaintiff. A verdict having been rendered accordingly, and judgment entered on it, and the defendant's motion for a new trial having been overruled, he prosecutes the appeal now before us.

The evidence on the second trial was practically the same as on the first trial; the opinion delivered on the former appeal is the law of the case and must control not only the lower court, but also this court, on a second appeal (Continental Insurance Co. v. Hargrove, 143 Ky., 400). There was as usual more or less discrepancy in details in the testimony on the two trials of the case; but the salient and controlling facts as shown by the testimony on both the trials are the same. In the opinion on the former appeal these conclusions are reached:

1. The writing of May 2, 1907, was executed for the benefit of the bank, and the bank did, in fact, grant the renewal of the notes on the faith of it.

2. By the writing the signers became jointly bound for the payment of the notes.

3. The renewal of the notes would not have been made as they were but for the execution and delivery of the writing to the bank.

4. The signers of the notes were directors of the bank, and so the relation between them and it was that of trustee and *cestui que trust,* one of the signers being also president of the bank.

On the return of the case to the circuit court the defendant tendered an amended answer, which the court refused to allow to be filed; it is earnestly insisted that in this the court erred. It was set up in the amended answer that on July 15, 1908, the defendant indorsed to the bank for the accommodation of the Paracamp Company two other notes, each for $5,000.00; that he had had to pay these notes as well as those which he had indorsed under the writing of May 2, 1907, and that these amounts added to the notes sued for would make him liable for more than $70,000.00 as limited in the writing of May 2, 1907. But the writing of May 2, 1907, only refers to the indebtedness then existing, for all of which defendant was then liable. If the defendant afterwards signed other notes for the Paracamp Company, his payment of such notes is no defense to this suit to enforce the contract of May 2, 1907. The amended answer does not show that the two notes therein referred to were a part of the

indebtedness covered by the contract of May 2, 1907, and it does show that these notes were executed on July 11, 1908, or about fifteen months after the execution of that writing.

In another paragraph of the amended answer the defendant pleaded that after the maturity of the two notes executed on July 11, 1908, the plaintiff sued him as indorser on these notes and recovered judgment which he pleaded in bar of this action. But that was not a suit on the writing of May 2, 1907; it was a suit on the contract of indorsement of these notes; that was a suit on one cause of action, and this is a suit on another cause of action.

By another paragraph of the amended answer it was pleaded in substance that the verbal agreement between Boone, McClarty and the defendant was by mistake not correctly expressed in the writing and that the words "as indorsers" were, by mistake, omitted after the word "bound." This was only to state in different words what the defendant has insisted from the beginning was the proper construction of the writing. Ordinarily, between the parties a mistake in reducing to writing an agreement may be shown and the writing reformed; but this is never allowed to the prejudice of third persons. The bank was not a party to the mistake and the writing cannot be reformed for mistake on the part of the signers after it had been accepted by the bank and acted on by it. The bank, as held in the former opinion, not only accepted renewals of the notes on the faith of the writing as it reads, but it obtained credit by reason of it. The writing was the means by which the bank induced the bank examiner to pass the bank, and it was produced to the examiner by the president of the bank, who was also one of the signers of it. After all this, to allow the writing to be reformed so as to destroy its vitality and thus impose a great loss on the bank, would be to destroy the value of examinations of National Banks by the Government. These examinations are made for the protection of the depositors as well as the stockholders. Bank directors, after clothing the bank with the appearance of being sufficiently protected, and thus enabling it to obtain credit with the Government, cannot be permitted to show that the written contract, which as it read was sufficient, should have read differently and was, in fact, valueless for any purpose. The writing of May 2, 1907, on its face, was an obligation to the bank and it was the duty of the

president to put it with the securities of the bank as he did on the day he got it and when the ink on it was fresh. Had he done otherwise, he would not have done his duty.

By still another paragraph the defendant pleaded in substance that on the day following the execution of the writing of May 2, 1907, he, Boone and MacClarty cancelled the writing; but no private agreement between them after the acceptance of the paper by the bank could affect their liability on it. They were trustees for the bank, and they will not be heard to say that they protected themselves at the expense of the bank of which they were trustees; they could not consent for the bank with themselves and it not shown that any other officer of the bank was party to the arrangement.

We, therefore, conclude that none of the paragraphs of the amended answer stated facts constituting a defense to the action, and the circuit court properly refused to allow it to be filed.

Judgment affirmed.