## J. I. Case Threshing Machine Company v. Haynes.

(Decided January 15, 1918.)

### Appeal from Fayette Circuit Court.

1. Master and Servant—When Relation Exists.—Where the general manager of a business who had authority to employ men requested a person to assist in the operation of an elevator, in which operation he was injured, the person so working occupied the relation of a servant, and the master was liable for injuries which happened to him on account of defects in the elevator.
2. Negligence—Trial—Verdict May Acquit Servant Joined as Defendant and Find Master Guilty.—In a suit against the master and one of his servants to recover damages for personal injuries, there may be a verdict of negligence and liability against the master and a verdict of. no negligence and no liability against the servant through whose negligence the master became liable.

UPHAM, BLACK, RUSSELL & RICHARDSON, BAGBY & HUGUELY and SAMUEL M. WILSON for appellant.

DAVID C. HUNTER, HENRY T. DUNCAN and JOHN R. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Haynes, the appellee, brought this suit against the J. I. Case Threshing Machine Co., a corporation; E. S. Reeves, its local manager at Lexington, and Frank Hogan, one of its employes in its business house at Lexington, to recover damages for personal injuries sustained, as he alleged, by their negligence in permitting a freight elevator to become so unfit and dangerous for use as that in attempting to carry a load of goods from the first to the second floor, it was caused to tilt to one side and dump, as a result thereof, a large amount of material on him while he was standing near the shaft on the first floor assisting in the operation of the elevator. On a trial of the case there was a judgment and verdict in his favor against the J. I. Case Threshing Ma-

chine Co., and a verdict and judgment in favor of Reeves and Hogan.

Haynes, at the time of the accident, was an outside agent of the threshing machine company, engaged in selling various kinds of machinery and implements manufactured and sold by it, and in the course of his duties as such agent he had occasion to be and was frequently about the building occupied by the machine company, and in which the elevator was located, although he had no special duties to perform in connection with the elevator.

On the morning he was injured, according to his testimony, he went to the building to get Reeves, who was to go out in the country with him to see about selling automobiles, and while he was in the building waiting for Reeves a load of pumps was put on the elevator, which was standing at the first floor. It appears that the elevator was operated by pulling a rope, and he testified that by the direction and at the request of Reeves, who was the manager of the machine company in charge of the building and its business at Lexington, he undertook to assist him in raising by means of the rope the elevator to the second floor of the building, where it was intended to discharge the load, and while engaged in this work, and about the time the elevator reached the second story, it tilted over, causing the pumps to slide off and fall on him, whereby he sustained the injuries complained of.

He further said that the elevator was caused to tilt over and let the pumps fall by reason of the fact that a cross-piece on the top of the elevator that operated in a groove and held it level and steady, had been taken off some time before this, and as a consequence there was nothing to keep the elevator from tilting either to one side or the other if the load was not evenly balanced; and that he did not know of this defect in the condition of the elevator. And it may here further be said that there is no dispute about the fact that this cross-piece had been taken out of the elevator by Reeves or Hogan, or both, some time before Haynes was hurt, or about the fact that with this piece out the elevator was liable to tilt to one side, as it did on the occasion in question.

The substance of the testimony for the defendants was that neither Reeves nor Hogan gave Haynes any order whatever to move the elevator or handle the rope; that there was no necessity for such direction or request

and that Haynes merely volunteered to help, contrary to the direction of both Reeves and Hogan.

In brief, the theory of the case for Haynes, as made out by his evidence, was, that he was assisting in the operation of the elevator by the express request of Reeves, and was injured by the unsafe and dangerous condition of the elevator, which condition was unknown to him, but known to Reeves and Hogan; while the theory of the defendants was that Haynes, in assisting to operate the elevator after he had been warned not to go about it, was purely a volunteer.

With the evidence in this condition, the trial court instructed the jury, in substance, that if they believed Reeves was the general manager of the machine company, in charge of its warehouse and business, and that he directed Haynes to assist in the operation of the elevator, and that Haynes, in obedience to his direction, did assist him, and that at the time the elevator was defective and dangerous to operate, and this fact was known to the defendants, or by the exercise of ordinary care could have been known to them, and by reason of its defective condition it was caused to tilt over and dump the load on Haynes, they should find for him against the machine company.

They were further told that if Haynes, either on his own accord or at the direction of Hogan, was assisting in raising the elevator, they should find for the machine company.

Other instructions were given on the subject of ordinary care, and in addition thereto the jury were told that although they might believe from the evidence that the elevator was in an unsafe and dangerous condition, yet if this fact was known to Haynes, or was so obvious as that a person of his experience would have observed it, they should find for the defendants.

On the facts the case turns on the question whether Haynes was acting as a pure volunteer or at the request of Reeves. If he was a volunteer, he took the risk of being hurt by the elevator, but if he was acting by the direction or at the request of Reeves, who under the evidence plainly had authority to engage his services, the machine company owed him the same duty that it would owe any other servant, and this duty was well expressed in the instructions.

The issue as to whether Haynes was a volunteer or occupied the relation of servant was also submitted to

the jury, and although there was sharp dispute on this question, there was sufficient evidence to sustain the finding of the jury that Haynes occupied the relation of a servant and not a volunteer.

It is earnestly insisted that the verdict should have been set aside by the trial court upon the ground that, as the jury acquitted Reeves, the agent of the machine company, through whose negligence the accident happened, they could not find a verdict of guilty against the machine company. In other words, if he was not negligent, as the jury found, neither could the company have been negligent.

There is much to be said in support of this contention, and perhaps the weight of authority in other jurisdictions supports it; but in I. C. Ry. Co. v. Murphy's Admr., 123 Ky. 787; C. & O. Ry. Co. v. Booth, 149 Ky. 245, and in other cases, we have ruled that there may be a verdict of negligence and liability against the master and a verdict of no negligence and no liability against the servant through whose negligence the master becomes liable; and there is no room for distinction on this point between those cases and this.

Complaint is also made that the trial court committed error in the admission of incompetent evidence; but when this alleged incompetent evidence was admitted, the trial court admonished the jury that it was not to be considered as evidence against the machine company, and this ruling of the court removed whatever objection may have existed to its admission.

Really, the questions in the case, as we look at them, are purely of fact, and while there was sharp dispute in the evidence on the vital issue as to whether Haynes was a volunteer or servant, there was enough to sustain the contention of Haynes, and the judgment is affirmed.