## Nashville, Chattanooga & St. Louis Railway Company v. Byars.

(Decided March 4, 1930.)

WHEELER & HUGHES, FITZGERALD HALL, S. Y. TRIMBLE and COLEMAN & LANCASTER for appellant.

J. C. SPEIGHT, E. P. PHILLIPS and JOHN RYAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee, in company with her mother and brother, on December 3, 1927, left the home of her mother in Calloway county to drive to Murray, a distance of about 2 miles, in a Ford automobile. The Concord road leads from the home of appellee's mother to Murray, crossing the tracts of appellant at a point within the city limits. The railroad company is the owner of a strip of land immediately east of the right of way extending from a barn at the northern end which is about 320 feet from the right of way. On the south side of the Concord road near the east side of the right of way was a hedge fence. There was some small timber growing along the right of way.

The crossing in question is used by a number of people in going to and returning from work. A passenger train traveling north was due in Murray at 1:27 p. m. The brother of appellee was driving the automobile on the Concord road going west. On the north side of the road on the incline leading up to the crossing there was a horse and buggy tied to a pole and on the south side there was a two-horse wagon. The approach to the railroad began about 70 feet from the crossing. At the time appellee approached the crossing there was a freight

train near the depot making considerable noise. The automobile approached the crossing traveling 12 or 15 miles an hour, and if the driver slackened his speed or looked for the train there is no evidence to that effect in the record. Appellee stated that she looked and listened, but the curtains were up, and it is difficult to believe that she did look or listen, as the train could have been seen by her 300 feet or 400 feet before it approached the crossing. The train was running about 45 miles an hour as it approached the crossing, but it appears that the speed had been slackened preparatory for a stop at the station to about 35 miles an hour. The train and the automobile reached the crossing at the same time with the usual results. The mother of appellee and her brother were killed and she was seriously injured.

Suit was instituted against the appellant and the engineer in charge of the operation of the train. The jury returned a verdict against the appellant for $11,000, but returned no verdict against the engineer. The appellant has appealed and urges many grounds for reversal.

The instructions appear to have presented the issues to the jury in language not subject to criticism, but in the measure of damages instruction the court should have required the jury to find the amount of her compensation, if any, from a consideration of the evidence, although the omission was not prejudicial as the instructions taken as a whole were not susceptible of the construction that the jury may have determined the amount of damages, if any, from a consideration of anything other than the evidence.

The major point in the case is whether appellee, by her evidence, established any negligence on the part of the appellant. The mere fact that there was an accident is not proof of negligence. The plaintiff in such a case must establish that there was negligence on the part of the defendant, and that the negligence directly resulted in the injury to the plaintiff. Appellant contends that the evidence justified an instruction directing the jury to return a verdict for it because there was no evidence of negligence on the part of the railroad company, and that the evidence established conclusively that the accident was caused by the contributory negligence of appellee. There is some evidence about a hedge fence and some timber growing upon the right of way, but such evidence was not sufficient to show negligence on the part

of the railroad company. The evidence does not disclose that the crossing was unusually dangerous. The preponderance of the evidence is that a person exercising ordinary care for his own safety would have seen the train approaching. There is little evidence to the contrary other than the statement of appellee that she looked for the train and did not see it.

The only evidence tending to show negligence on the part of appellant was that of some witnesses who stated that they did not hear any signals of the approach of the train. This evidence is negative in its character. Some of the witnesses introduced by appellant stated that they heard the signals, while others said that they did not hear them, while some of them said that the signals may have been given, but they did not hear them because they were not paying any attention. The appellant cites the case of L. & N. R. R. Company v. Hurst's Adm'r, 220 Ky. 402, 295 S. W. 458, as authority in support of its contention that a verdict should have been directed in its favor. The facts in that case distinguish it from this case, and the same may be said of the opinion in the case of Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. (2d) 957. At each of these crossings there were automatic signals. The case of Voorheis' Adm'r v. C. & O. Railway Company, 220 Ky. 746, 295 S. W. 1031, was decided in favor of the railroad company on the ground that Voorheis was guilty of contributory negligence as a matter of law. He had information that the train was coming and an effort was made to prevent his attempting to cross in front of the train.

This court gives some weight to negative testimony. The cases cited and the case of Johnson's Adm'r v. L. & I. R. Co., 199 Ky. 524, 251 S. W. 843, do not hold that negative testimony on the question of signals shall be wholly disregarded. The evidence by some of the witnesses for appellee that they did not hear any signals, coupled with the statement of appellee that she both looked and listened and heard no signals, were sufficient to authorize the submission of the case to the jury. But the preponderance of the evidence was largely in favor of appellant, and we have reached the conclusion that the verdict of the jury was flagrantly against the weight of the evidence on the question of the negligence of appellant.

The evidence preponderates in favor of the railroad company that appellee was guilty of contributory negli-

gence but for which there would have been no accident. She was familiar with the crossing, and she knew that they were approaching the crossing at about the time that the train was due to pass. It is the duty of one approaching a grade crossing to exercise that degree of care which an ordinarily prudent person would exercise under the then surrounding circumstances and conditions. The requirements imposed by law on those approaching crossings vary with the circumstances and conditions, but one seeking to recover for injuries received at a crossing accident in a collision caused by the presence of an automobile on the railroad tracks cannot recover unless he is wholly free from contributory negligence. The cases cited above and the cases of Ky. T. & T. Company v. Brawner, 208 Ky. 310, 270 S. W. 826, and Payne v. Bowman's Adm'x, 200 Ky. 171, 252 S. W. 1010, support the principles just stated. Ordinarily negligence of a driver of an automobile should not be imputed to a guest who exercises no control over the driver, but a guest has a positive duty to perform upon approaching a railroad grade crossing. The guest must exercise that degree of care which surrounding circumstances and conditions require. Graham's Adm'r v. I. C. R. R. Company, 185 Ky. 370, 215 S. W. 60; Milner's Adm'r v. Evansville Railways Company, 188 Ky. 14, 221 S. W. 207; Barkesdale's Adm'r v. Southern Railway Company, 199 Ky. 592, 251 S. W. 656; Thurman v. Kentucky T. & T. Company, 218 Ky. 594, 291 S. W. 1037; Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C, 646; Stephenson's Adm'x v. Sharp's Ex'rs, supra.

The verdict was flagrantly against the evidence on the question of contributory negligence; but the court properly overruled a motion for a directed verdict, as it was a question for the jury. All questions not specifically dealt with in this opinion are reserved.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.