## Nashville, Chattanooga & St. Louis Railway Company v. Byars.

(Decided October 16, 1931.)

NUNN & WALLER, SELDEN Y. TRIMBLE, COLEMAN & LAN-
CASTER, and FITZGERALD HALL for appellant.

J. C. SPEIGHT, E. P. PHILLIPS and JOHN RYAN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

While appellee was riding in a car with her mother
and her brother, the car was struck by a railroad train
of the appellant at a crossing within the city limits of
Murray, Ky. Her mother and her brother were killed.
Appellee was very painfully injured and brought this
action to recover for her injuries against the railway
company and James Herring. In her petition she stated
her cause of action in these words:

> "Plaintiff says that the defendant, James Her-
> ring, was engaged as engineer in operating a cer-
> tain passenger train for defendant railway company
> on the 3rd day of December, 1927, and that he
> together with defendant railway company, its serv-
> ants, agents and employees, on said date, while en-
> gaged in the business of running and operating an
> engine and train of cars attached thereto on its line
> of railway in and through Calloway County and near
> Murray, Kentucky, negligently and carelessly ran
> its engine and train over an automobile in which
> plaintiff was at the time riding and thereby crushed

broke and mangled her body and permanently disabled her and rendered her a cripple for life.''

On the first trial of the case the jury returned a verdict in favor of the plaintiff for $11,000, and returned no verdict against Herring. Judgment was entered on the verdict in her favor against the company for $11,000 and her petition against Herring was dismissed. The railway company appealed from that judgment, but appellee did not appeal from the judgment dismissing her petition against Herring, and that judgment is final. On the appeal of the railway company to this court, the judgment for the plaintiff was reversed on the ground that it was palpably against the evidence. 233 Ky. 309, 25 S. W. (2d) 733, 734. After stating the proof on both sides as to negligence in the operation of the train the court said: ''But the preponderance of the evidence was largely in favor of appellant, and we have reached the conclusion that the verdict of the jury was flagrantly against the weight of the evidence on the question of the negligence of appellant.'' Then after stating the evidence on both sides on the question of contributory negligence, the court said: ''The verdict was flagrantly against the evidence on the question of contributory negligence; but the court properly overruled a motion for a directed verdict, as it was a question for the jury. All questions not specifically dealt with in this opinion are reserved.'' Nashville, C. & St. Louis Railway Co. v. Byars, 233 Ky. 309, 25 S. W. (2d) 733, 735. The case was returned to the circuit court and tried again, resulting in a verdict and judgment in favor of the plaintiff against the railway company for $8,500 and costs. The company appeals.

The evidence on the second trial as to all the essential facts is practically the same as on the first trial. While appellee introduced three new witnesses, their testimony was cumulative and did not show any material fact not shown by the evidence on the first trial. The essential facts being practically the same, the opinion on the former appeal is the law of the case. The rule is well settled that the opinion of this court on the first appeal is conclusive on the parties in subsequent proceedings as to the issues upon which the evidence is substantially the same. The fact that there was, as usual, more or less discrepancy in details in the testimony on the two trials, does not affect the rule, if the salient and controlling facts shown by the testimony on both trials

are the same. Helm v. Cincinnati, N. O. & T. P. R. Co., 156 Ky. 240, 160 S. W. 945; Doherty v. First Nat. Bank, 161 Ky. 202, 170 S. W. 615; Wilson v Caughlin, 187 Ky. 221, 218 S. W. 1010. The verdict here is therefore against the evidence and a new trial should be granted.

After the petition was filed the plaintiff took the deposition of James Herring as upon cross-examination. On the second trial of the case, when James Herring was no longer a party to the action and when he was in the courthouse as a witness in the case, the plaintiff offered to read the deposition of James Herring theretofore taken. The defendant objected, but the court allowed it read. Section 554 of the Civil Code of Practice provides: "A deposition may be read upon the trial of an issue in any action, if, at the time of the trial, the witness reside twenty miles or more from the place where the court sits in which the action is pending; or be absent from this State." James Herring resided more than twenty miles from the place where the court sat and his deposition might have been read if he had not been present in court. But the statute does not mean that the deposition of a witness who is present in court may be read if he resides more than twenty miles away. The purpose is that the jury shall see and hear the witness if practicable, and while the deposition may be read if the witness is not present, it cannot be read when he is present; unless after proper foundation laid it is read to contradict the witness on trial, as in other cases. Johnson v. Fowler, 4 Bibb, 521; Beall v. Bethel, 11 Ky. Op. 567; Kentucky Tobacco Association v. Ashley, 5 Ky. Law Rep. 184; Dailey v. Lexington, Etc., Co., 180 Ky. 679, 203 S. W. 569; 8 R. C. L. 1136, 1137.

In his concluding argument to the jury the plaintiff's attorney said over the objection of the defendant:

> ". . . That they ought to return a substantial verdict in plaintiff's favor against the defendant, in order that the defendant might in future be warned and prevented from passing the Concord Road Crossing at an excessive rate of speed, and for the protection of the people of Calloway County, and to prevent further and other accidents in future at that point."

An argument, practically to the same effect, was condemned in Consolidated Coach Corporation v. Garmon,

504

233 Ky. 467, 26 S. W. (2d) 20. The court should have sustained the defendant's objection to the argument.

All other questions are reserved.

Judgment reversed, and cause remanded for a new trial.