## Nashville, C. & St. L. Ry. Co. v. Byars.

(Decided Nov. 28, 1933.)

(As Extended on Denial of Rehearing Jan. 30, 1934.)

NUNN & WALLER, S. Y. TRIMBLE and COLEMAN & LANCASTER for appellant.

E. P. PHILLIPS, JOHN RYAN and J. C. SPEIGHT for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This is an appeal from the third trial of this case.

Each of the preceding trials resulted in a verdict in favor of the appellee and was appealed from to this court, and each of the verdicts and judgments reversed. The first appeal is reported in 233 Ky. 309, 25 S. W. (2d) 733. The second appeal is reported in 240 Ky. 500, 42 S. W. (2d) 719. The history and facts of the case are recited in the opinions, supra, and it will not be necessary to repeat them in this opinion.

On the first appeal the case was reversed because the verdict was flagrantly against the evidence on the question of contributory negligence, but it was held that the court properly overruled a motion for a directed verdict. In the second appeal it was held that, the evidence being substantially the same as on the first trial, the opinion on the first appeal became the law of the case. The case was again reversed on the second appeal because the verdict was flagrantly against the evidence.

The only question for consideration on this appeal is whether or not the evidence in the last trial is the same, or substantially the same, as that of the former two trials. Section 341 of the Civil Code of Practice in part says:

> "* * * Nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence."

It is insisted by counsel for appellee that the evidence in this, the third trial, is substantially different from the evidence produced for appellee in the previous trials. Without detailing the evidence, it is sufficient to say that we have carefully read the evidence and find it to be substantially the same as in the previous trials. It was held in the two former opinions that the evidence was sufficient for the jury.

In the case of Board of Internal Improvement for Lincoln County v. Moore's Adm'r, 74 S. W. 683, 685, 25 Ky. Law Rep. 15, this court in discussing section 341 of the Civil Code of Practice, says:

> "As the court has no authority to decide questions of fact in a case properly triable by a jury, if there be any evidence proper to be considered by the jury, if the jury will not give way, the court must, that there may be an end of litigation."

It is argued that:

"The sole act of negligence relied on in this suit against both master and servant being exclusively the act of the servant, where the servant has been in this action adjudged to be blameless, to allow a recovery against the master in damages on account of the same said act is so palpably arbitrary and unreasonable as to lack due process of law and constitutes a taking of the employer's property without due process of law, an abridgment of its rights, privileges and immunities, and a denial to it of the equal protection of the laws guaranteed to it by the Constitution of the United States and by the Fourteenth Amendment thereto."

To support this position the opinions of the courts of many other jurisdictions are cited with the statement the Kentucky-Texas rule is an exception to that of the others.

In Myers' Adm'x v. Brown, 250 Ky. 64, 61 S. W. (2d) 1052, 1054, we reviewed this question in this language:

"As to some of the principles thus enunciated by Freeman, it is doubtful whether they are in accord with the authorities in this state, as, for instance, the principle he enunciates to the effect that, where the liabilities, if any, of a principal or master to a third person are purely derivative and dependent entirely on the principle of respondeat superior, a judgment on the merits in favor of the agent or servant is res judicata in favor of the principal, for we have held that, in an action against both master and servant, where the master's liability depends solely on the principle of respondeat superior, the judgment can run in favor of the servant and against the master. Thus in J. I. Case Threshing Mach. Co. et al. v. Haynes, 178 Ky. 644, 199 S. W. 786, 787, it is written: 'It is earnestly insisted that the verdict should have been set aside by the trial court upon the ground that, as the jury acquitted Reeves, the agent of the machine company through whose negligence the accident happened, they could not find a verdict of guilty against the machine company. In other words, if he was not negligent, as the jury found, neither could the company have been negligent. There is much to

be said in support of this contention, and perhaps the weight of authority in other jurisdictions supports it; but in I. C. Ry. Co. v. Murphy's Adm'r, 123 Ky. 787, 97 S. W. 729, 30 Ky. Law Rep. 93, 11 L. R. A. (N. S.)' 352, C. & O. Ry. Co. v. Booth, 149 Ky. 245, 148 S. W. 61, and in other cases, we have ruled that there may be a verdict of negligence and liability against the master, and a verdict of no negligence and no liability against the servant through whose negligence the master becomes liable; and there is no room for distinction on this point between those cases and this.' "

Whatever the rule may be in other jurisdictions, it may now be regarded our final conclusion is stated in Myers' Adm'x v. Brown, supra.

Also it is argued:

"Section 341 of the Civil Code of Practice is in violation of section 7 of the Kentucky Constitution, and is violative of the equal protection clause of the Federal Constitution—the Fourteenth Amendment to said Constitution."

We have adhered to the construction of section 341 as herein given it, in L. & N. R. R. Co. v. Graves' Assignee, 78 Ky. 74; L. & N. R. R. Co. v. Ballard, 88 Ky. 159, 10 S. W. 429, 10 Ky. Law Rep. 735, 2 L. R. A. 694; L. & N. R. R. Co. v. Adams, 10 S. W. 425, 10 Ky. Law Rep. 713; Board of Internal Improvement for Lincoln County v. Moore's Adm'r, 74 S. W. 683, 25 Ky. Law Rep. 15; City of Bardstown v. Nelson County, 121 Ky. 737, 90 S. W. 246, 28 Ky. Law Rep. 710; Cincinnati R. R. Co. v. Halcomb, 105 S. W. 968, 32 Ky. Law Rep. 381; Champion Ice Co. v. Delsignore, 105 S. W. 1181, 32 Ky. Law Rep. 427; Mobile R. R. Co. v. Morrow (Ky.) 112 S. W. 639; L. & N. R. R. Co. v. Daniel, 131 Ky. 689, 115 S. W. 804, 1198, 119 S. W. 229; Wall v. Dimmitt, 141 Ky. 715, 133 S. W. 768; Commonwealth Life Ins. Co. v. Goodnight's Adm'r, 235 Ky. 699, 32 S. W. (2d) 25.

The substance of our construction of this section is, where the facts of the case have been fairly left to the jury, upon a proper charge of the court, they have twice found a verdict for the same party each of which having been set aside by the court, if the same party obtain another verdict in like manner, it shall not be disturbed, but the section did not intend to prevent the court granting new trials on the charge of the court to the jury, for

error in admission of the evidence, or rejection of testimony, for misconduct of the jury and the like.

The statuté of Tennessee dealing with new trials has a provision similar to section 341. In L. & N. R. R. Co. v. Woodson, 134 U. S. 614, 10 S. Ct. 628, 631, 33 L. Ed. 1032, the Supreme Court of the United States, after reviewing the opinions of the Supreme Court ·of Tennessee and many of its own, summarized its conclusion thus:

> "We can perceive nothing in the statute thus applied which amounts to an arbitrary deprivation of the rights of the citizen, and concur with the supreme court of Tennessee that this act, which had been in force for more than 60 years before the adoption of the fourteenth amendment was not invalidated by it, while the fifth amendment had no application whatever."

The constitutionality of section 341 has been determined adversely to the appellant by this court and the Supreme court of the United States. The United States Supreme Court may be able to do so, but we can conceive of no reason for ·a retraction.

Perceiving no error prejudicial. to the substantial rights of appellant, the judgment must be, and is, affirmed.