**FAYETTE COUNTY, Appellant,**

v.

**Betty Jane VEACH, Appellee.**

Court of Appeals of Kentucky.

Oct. 19, 1956.

McCann, Sledd & McCann, Charles Wylie, County Atty., Lexington, for appellant.

Gess, Mattingly, Saunier & Atchison, Julian W. Knippenberg, Lexington, for appellee.

STEWART, Judge.

In this action for personal injury and property damages appellee, Betty Jane Veach, recovered from appellant, Fayette County, $6,343.97. The action grew out of an accident alleged to have been caused by the negligence of the operator of appellant's fire truck when it collided with appellee's car. A reversal is sought on the following grounds:

(1) The court erred in refusing to direct a verdict for appellant (a) because appellee failed to establish that the driver of the fire truck was negligent or that his negligence was the proximate cause of the accident, and (b) because it was shown appellee was guilty of contributory negligence.

(2) The court erred in allowing one of appellee's witnesses, after the evidence was all in, to testify that he made a statement different from that shown in the record as his testimony when first on the stand.

(3) The court erred in its instructions to the jury.

(4) The court erred in failing to grant a new trial on the basis of the alleged misconduct of one of the jurors who of his own volition visited and viewed the scene of the accident during a noon recess.

Appellant's duties and privileges in driving an authorized emergency vehicle, such as fire apparatus, are set forth in KRS 189.080(2), 189.320 and 189.390(6), which in substance state that such a vehicle has the right of way and is exempt from speed limitations when answering an emergency call if it flashes a red light visible under normal atmospheric condition 500 feet to the front and sounds a signal audible a similar distance when it is necessary to warn others of the approach of the vehicle. These same sections provide that the operator of the emergency vehicle is not relieved of his duty to drive with due regard for the safety of all persons using the streets.

The accident occurred about 6:55 a. m. on February 13, 1954, at the intersection of North Limestone Street and Loudon Avenue in Lexington. Appellee, the sole occupant of her car, was proceeding south on the first mentioned street while appellant's fire truck, answering a call, was traversing the south side of Loudon Avenue eastwardly. The two vehicles met under the traffic light or slightly to the south thereof and came to rest on the southeast corner. The testimony of various witnesses estimated the speed of the two vehicles just prior to the mishap to be anywhere from 20 to 40 miles per hour, with most of them saying the fire truck was going faster than the car. The speed limit for both thoroughfares at this location is 35 miles per hour. All witnesses who observed the traffic light concurred in the view that appellee had the green light and the fire truck had the red. North Limestone Street is 30 feet wide at the intersection and widens to 40 feet south of it, while Loudon Avenue is 54 feet wide west of the intersection and narrows to 51 feet to the east thereof. The Greyhound Bus Garage is on the northwest corner and is 24 feet north of the Loudon Avenue curb line and 18 feet west of the North Limestone Street curb line.

The witnesses were in accord that the red light on top of the fire truck was flashing but the evidence is conflicting as to whether or not the siren was in operation just prior to the accident and, if it was, whether it could be heard for a distance of 500 feet from the intersection, as required by KRS 189.080(2). Appellant maintains there was no adequate basis in the evidence for a finding that the siren was not being properly sounded. The three firemen who were riding the fire truck testified it was audible for the prescribed 500 feet. Victor Ruble, a witness for appellant, stated he heard it at a position 300 feet away. Harold Traugott, who also testified in appellant's behalf, declared he heard it at a similar distance, but to some extent his testimony was impeached by a prior state-

ment that he had not heard it until he was 25 feet from it. Appellee testified she did not see or hear the fire truck until her car was hit. She also presented several witnesses to bolster her contention that no signal was being sounded just before the vehicles ran together. One of these was a block away, with his car motor going at that time. Another was two blocks distant and this person admitted his hearing was not normal. These two witnesses merely testified they did not *hear* a siren. However, a third witness of hers, Louis Bannister, was on the corner at the intersection where the collision took place. On his initial appearance on the stand he, too, apparently testified he did not hear any siren but on recall stated unequivocally that the siren was not audible when the fire truck entered the intersection.

In view of this evidence, was a case made out for the jury? We believe there was. We have many times written, one of the most recent cases on the subject being Louisville & N. R. Co. v. Galloway's Adm'x, Ky., 267 S.W.2d 90, that purely negative testimony is inadequate in the face of positive evidence to create a jury issue. In other words, applying this principle to the facts under consideration, testimony to the effect that a siren *was not heard* is not enough to overcome positive proof that a siren was being sounded. Nevertheless, negative evidence of this type coupled with slight positive testimony has been held sufficient to off-set contradictory positive testimony and to sustain a jury verdict that no sound was being given. Louisville & N. R. Co. v. Ratliff's Adm'r, 260 Ky. 380, 85 S.W.2d 1006; Nashville, C. & St. L. Ry. v. Byars, 233 Ky. 309, 25 S.W.2d 733. (Reversed on other grounds.) From the evidence introduced, we conclude there was ample evidence to support appellee's theory that the siren was not being sounded or, if it was, that it was being sounded only intermittently and weakly. A jury determination that the siren was sounded in such a fashion,

if at all, would constitute a reasonable excuse for appellee's failure to yield the right of way under the circumstances. Henderson v. Watson, Ky., 262 S.W.2d 811.

■ It is also appellant's contention that it was entitled to a directed verdict as a matter of law because appellee was guilty of contributory negligence. Appellee admits that her car did not swerve or slow down just before the impact. She argues she became aware of the fire truck's presence and was hit "all at the same time." However, there was other testimony of hers that she first noticed the fire truck at a point just north of the crosswalk on her side of the intersection, apparently some 50 feet from the point of collision. Even accepting the version that she saw the fire truck while she was still north of the intersection, it would nevertheless seem to be a jury question whether she acted reasonably in the emergency or whether in any event she could have avoided the accident while traveling such a short distance at a speed of 25 to 30 miles per hour, the estimated rate she was moving. Her testimony that she saw the truck when she was just north of the intersection, we believe, does not appear irreconcilable with her statement that she saw it and was hit simultaneously.

■ Appellant vigorously insists the court erred when it permitted appellee to recall her witness, Louis Bannister, and query him about the answer he had already made to a certain question. After both sides had concluded their evidence and while the instructions were being prepared, a dispute arose among counsel on both sides as to the reply given by Bannister to a particular question put to him during the trial. This witness was interrogated, "Was there a siren going on the fire truck?" and the court reporter's stenographic notes showed he answered, "I don't know, I didn't hear it." Counsel for appellee maintained the reporter misunderstood Bannister's reply to this question,

which reply was, this counsel argued, "No, I didn't hear it." The trial judge resolved the controversy by allowing counsel for appellee to recall this witness and to inquire of him what his answer had been. This ruling was strenuously objected to by appellant's counsel. The witness, when asked the same question, stated in positive terms that the siren was not being sounded when the two vehicles met.

Did the court abuse its discretion when it ruled under the circumstances that Bannister could be recalled as a witness to clarify his testimony on the point raised? We conclude there was no abuse of discretion. CR 43.02(3) describes the order in which the respective parties shall present their proof and provides in part that "the order of proof shall be regulated by the court so as to expedite the trial and enable the tribunal to obtain a clear view of the whole evidence." CR 43.02(4), which relates primarily to the introduction of rebuttal testimony after each side has produced its evidence in chief, reads: "The parties will then be confined to rebutting evidence, unless the court, for good reasons in furtherance of justice, permits them to offer evidence in chief." It is apparent from the plain language of these Rules that the court may digress from the traditional order of hearing proof if such is necessary to "enable the tribunal to obtain a clear view of the whole evidence" and if such action is "for good reasons in furtherance of justice".

■ Coming now to the instructions, appellant's first complaint is leveled at section 2 of "Instruction No. 1" given by the court. However, we note that the first part of section 3 of Instruction A offered by appellant is in almost exactly the same wording, except that the order of the language is reversed. For this reason appellant cannot say it did not have the jury instructed in the manner it requested. Furthermore, the basis of appellant's objection in respect to this instruction is

not clear. An attack is also made upon sections 4 and 5 of "Instruction No. 1", but appellant's criticisms of these two sections are without merit, for the reason that a mere reading of KRS 189.390(6) and 189.080(2) will reveal that these subdivisions of this instruction are direct quotations of applicable portions of those statutes. It is asserted, too, the court wrongfully inserted a certain phrase in "Instruction No. 3" offered by appellant. This instruction as originally drafted stated that one of the conditions which would require appellee to yield the right of way at all events to appellant was that if she heard, or by the exercise of reasonable care could have heard, "the siren signal operated by the fire engine." The court, after adding "if it were being operated" immediately after "fire engine", thus qualifying the condition, then gave this instruction over appellant's objection. The addition was proper, because the proof clearly warranted the inclusion of this phrase in the instruction. Nor do we believe the interlineation unduly emphasized the duties of appellant's driver, which appellant argues, since it appeared in the instruction outlining appellee's duties. The final contention advanced as to the instructions was that the court should have told the jury the fire truck was an authorized emergency vehicle with the result that the driver of it had the right of way and was exempt from ordinary speed limitations when answering a fire call, provided he conformed to the requisites prescribed by the applicable statutes. There was no issue as to whether or not the fire truck, at the time of the accident, was an authorized emergency vehicle.

Furthermore, the instructions that were submitted adequately covered the statutory requirements pertaining to an authorized emergency vehicle, so that the instruction offered, if it had been given to the jury, would have been a repetition of matters contained in other instructions. Hence, it was properly refused.

█ Finally, appellant urges as a ground for reversal the alleged misconduct of a juror who, during recess, supposedly went to the site of the accident, inspected it and upon his return communicated his views about the matter to the other jurors. The only evidence presented in support of this contention was an affidavit of one of appellant's attorneys which recited that he was "reliably informed and believes, by reason of which he avers", in substance, that one of the jurors (the name is not disclosed) had visited the scene of the accident and had examined it, and upon his return to the jury room had "voiced his opinion, reported his conclusions and persuaded and overreached the other members of the jury." Appellee moved to strike this affidavit. Upon a hearing by the court, no additional proof being offered, the motion to strike was sustained. The affidavit under scrutiny contained nothing but pure hearsay, or, stated differently, set forth only a rumor which was never verified; consequently, the court's action in striking it from the record was justified. Appellant lays great emphasis on the fact that appellee failed to controvert this charge, but we agree with appellee that there was nothing to controvert.

Wherefore, for the reasons given, the judgment is affirmed.