**Luther LONG et al., Appellants,**

**v.**

**Amberson D. SCHEFFER et al., D/B/A Snider Lumber Company, Appellees.**

Court of Appeals of Kentucky.

Sept. 26, 1958.

Robert L. Gwin, Norris B. Vincent, Owensboro, for appellants.

Dorsey & Dorsey, Henderson, for appellees.

CLAY, Commissioner.

This action involves a collision between a motorcycle and a truck. The jury returned a verdict for the defendant owners of the truck. Plaintiff Long contends there were numerous errors committed by the trial judge.

Plaintiff was proceeding on his motorcycle in the same direction and behind this truck on South Main Street in Henderson. As the truck was making a left turn into Ragan Avenue, the motorcycle struck its left rear wheel. Plaintiff was seriously injured.

There was a conflict in the evidence as to whether or not defendants' driver gave notice, by a hand signal, of his intention to turn. There was evidence indicating plaintiff was attempting to pass at an intersection, did not have the motorcycle under control, and was not keeping a proper lookout.

Plaintiff contends he was entitled to a directed verdict on the ground that defendants' driver admittedly did not keep a

lookout *behind* his truck and did not see the plaintiff. We know of no legal requirement that the driver of a vehicle must keep a lookout behind, but even if defendants' driver was in this or some other respect negligent, there was ample evidence to justify a jury finding that plaintiff himself was negligent. We find no semblance of a theory which would require a directed verdict for plaintiff.

The next contention is the court erred in not permitting plaintiff to read in evidence his entire pretrial deposition taken by the defendants for discovery purposes. While plaintiff was testifying at the trial, the defendants, in laying a foundation to contradict the witness, referred to a question that had been asked in plaintiff's pretrial deposition. Plaintiff acknowledged making the answer to this question as shown in the deposition.

Plaintiff's counsel thereupon announced that if part of the deposition was going to be introduced in evidence, he intended to introduce it all, particularly to show a specific consequential injury. Subsequently plaintiff moved the court "to require the defendants to file as a part of the trial record for use in evidence" the plaintiff's deposition. This motion was overruled.

CR 26.04 provides in part:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, *so far as admissible under the rules of evidence,* may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions: * * *

"(4) If only part of a deposition is offered in evidence by a party, *an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.*" (Our emphasis.)

It is plaintiff's argument that under section (4) if an adverse party refers to a pretrial deposition of a party witness, then the party witness may introduce the rest of the deposition in evidence. There are several reasons why this is not permissible practice.

First, defendants' counsel did not offer a part of the deposition in evidence. He referred to a statement in the deposition as he might to any other oral or written statement allegedly made by the witness. Had the plaintiff denied making his answer there shown, the defendants would probably have offered that part of the deposition in evidence to contradict the witness. Since the latter admitted making the statement, there was no reason to introduce the deposition.

Assuming, however, that defendants did offer that part of the deposition in evidence, the Rule specifically provides that the adverse party may require him to introduce "all of it which is relevant to the part introduced". This then would only authorize the plaintiff to have introduced any other parts of the deposition relevant to the specific question and answer for the purpose of clarification. Armstrong v. McGuire, Ky., 283 S.W.2d 366. Plaintiff's motion was not so restricted.

It is contended the last part of section (4) of the Rule above quoted gives any party the right to introduce the rest of the deposition if one part has been introduced. This provision cannot be construed independently of other provisions in the Rule. See Pike and Willis, The New Federal Deposition—Discovery Procedure: II, 38 Col.L.Rev. 1436, 1449. The rights of any party under section (4) are clearly governed by the general provision in the first part of the Rule that depositions may be used "so far as admissible under the rules of evidence." When a party is present and testifying in a trial, he may not introduce his deposition as substantive evidence. Nashville, C. & St. L. R. Co. v. Byars, 240 Ky. 500, 42 S.W.2d 719; Nolty's Adm'r v. Fultz, 261 Ky. 516, 88 S.W.2d 35; Carbide & Carbon Chemicals Corporation v. Cook, 304 Ky. 63, 199 S.W.2d 983.

Finally, the matter which plaintiff wished to bring to the attention of the jury by introducing the deposition concerned a subsequent injury which the court ruled did not arise out of this accident, and consequently any evidence with respect thereto was irrelevant, incompetent and inadmissible. Under any view of the question, that part of the deposition could not be introduced in evidence. In our opinion the court properly overruled plaintiff's motion.

Plaintiff next contends there were errors in the instructions to the jury. Defendants vigorously contend that any errors in this respect were waived by the failure of plaintiff to bring them to the attention of the trial court under the provisions of CR 51. While there is merit in defendants' position, we have examined these alleged errors and find them neither substantial nor prejudicial.

The last ground of reversal is the failure of the trial court to grant a new trial on the grounds of newly discovered evidence. At the trial a disinterested eyewitness named Cohron had testified favorably to the defendants. After the trial, and a year and a half after the date of the accident, the plaintiff located two witnesses who apparently would testify that Cohron was not present at the scene of the accident. In addition, new witness Kimbrough would testify substantially that the accident happened in the manner described by the plaintiff.

Affidavits were filed by the defendants which tended to show that these new witnesses could have been discovered prior to the trial, and also tended to impeach their credibility. The defendants filed another affidavit of new witness Kimbrough in which he had given a different version of how the accident occurred.

A consideration of this record convinces us that the trial court could reasonably find that due diligence in discovering

**378**

the new evidence was not exercised by the plaintiff; that the new evidence was principally of an impeaching character; and that it was not of the decisive character which would likely lead to a different result. Either one of these grounds would justify the trial court's denial of a new trial. We can find no abuse of judicial discretion in this ruling.

Plaintiff moved the court to hear oral testimony of the new witnesses in support of his motion, which was denied. In proper circumstances such testimony may be heard under the provisions of CR 43.12. However, this ground of the motion for a new trial had been adequately presented by affidavit, and we find no abuse of discretion by the trial court in terminating what appears to have been a continuing trial of this controversy after the verdict. The plaintiff had one fair trial of his lawsuit and that is all he was entitled to.

The judgment is affirmed.