## Dixon v. Mowbray & Robinson Lumber Company.

(Decided May 28, 1929.)

RICE & RICE for appellant.

HUNTER M. SHUMATE for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellant, M. F. Dixon, has for many years maintained a logging boom near the mouth of Station Camp creek, a tributary of Kentucky river. On June 30,

304

1927, he entered into a contract with the appellee, the Mowbray & Robinson Lumber Company, "to catch and raft out of boom at mouth of Station Camp Creek by the first day of July, 1928, all the (H) saw logs hereafter bought of the second party appellee above boom on station camp Creek." Dixon filed this suit claiming that he was entitled to be paid for all logs belonging to the appellee, including those which had been rafted up the creek. He acknowledged payment for catching the loose logs.

Upon the trial the appellant testified as to the inducement for and his construction of the contract, and his loss by reason of not being paid for the rafted logs. The evidence for the appellee related to their construction of the contract, namely, that he was to be paid for the loose logs only. The jury found for the defendant, and the appellant seeks a reversal of the judgment because the court submitted to the jury the issue of the execution and construction of the contract and failed to submit plaintiff's theory of the case.

If it be conceded that the instructions had the effect contended for and did fail to submit the appellant's theory, he was not prejudiced. The court should have construed the written contract as including only loose logs. Doing so, a peremptory instruction to find for defendant should have been given. Since the jury found for the defendant, and the same result was obtained, no harm has been done appellant, and the judgment is, therefore, affirmed.