**SWOPE MOTORS, Inc., et al., Appellants,**

v.

**Joan TABB, Appellee.**

Court of Appeals of Kentucky.

March 14, 1958.

Rehearing Denied June 20, 1958.

J. W. Clements, Louisville, J. E. Wise, Elizabethtown, for appellants.

Hatcher & Lewis, J. T. Hatcher, Elizabethtown, for appellee.

CLAY, Commissioner.

In this automobile accident case plaintiff's automobile was struck from behind by defendants' truck when she stopped to make a left-hand turn on Main Street in Elizabethtown. The jury awarded her $6,629.96. Defendants contend on this appeal (1) that plaintiff was guilty of contributory negligence as a matter of law and (2) the damages are excessive.

According to the evidence for the plaintiff, she was proceeding at 20 miles an hour and intended to make a left-hand turn. She had turned on her directional signal and her braking stop light was working. She was unable to make her turn because of approaching traffic and stopped on the highway.

Defendants' truck was approximately 50 feet behind the plaintiff when she stopped.

The driver testified he did not see any signals, and was unable to stop the truck before striking plaintiff's car. The only physical damage to plaintiff's vehicle was a dent in the rear fender.

We are unable to comprehend the precise theory upon which defendants base their claim that plaintiff was guilty of contributory negligence as a matter of law. The argument is made that plaintiff should have looked back to see if any vehicle was following her, and that she should not have stopped abruptly. Defendants would have us assume that the plaintiff stopped suddenly without warning. This is not the case shown by the evidence.

■ Plaintiff testified she was moving at a slow speed, and that the proper signals required by law were given of her intention to stop and make a left-hand turn. She had a right to assume defendants' driver would be keeping a proper lookout and would have his truck under control. It was clearly a jury question as to whether or not plaintiff was negligent and whether her negligence contributed to the accident. In view of the conflicting evidence, an issue of fact, not one of law, was presented. Defendants were not entitled to a directed verdict.

We construe the verdict as awarding plaintiff $6,000 for pain and suffering, and $629.96 for time lost from her employment. (No medical expenses were proved, although apparently they were substantial.)

The claimed injury was of the "whiplash" type to the cervical spine, causing pain and immobility of the neck. The plaintiff was in the hospital for 17 days, subjected to traction. After leaving the hospital she wore a neck brace, which she may need to wear for an indefinite time. She had not returned to work for five months up to the time of the trial.

Defendants point out that the evidence of the collision shows that plaintiff could not have suffered a serious injury, and there is substantial evidence that plaintiff had been afflicted with various ailments prior to the accident which could have had a direct bearing on the pain she alleges she suffers in her head and neck. It is claimed that her doctors, who actually gave her very little treatment, greatly exaggerated her injury. However, there was an evidential basis for a jury determination that plaintiff had endured substantial pain and suffering as a result of this accident. Although the doctor who testified for the defendants stated that the brace was unnecessary and even contributed to her continuing disability, she was wearing the brace on doctors' orders and this may be taken into consideration as part of her pain and suffering.

■ If we were sitting as a jury, we might well conclude that the plaintiff and her doctors had built up this injury from an insignificant one to a serious one. However, if plaintiff was entitled to recover anything, the jury had a right to give her substantial damages, and since there was evidence to support the amount awarded, we cannot say the verdict was the result of passion and prejudice.

The judgment is affirmed.