**David E. WEAVER, Appellant,**

v.

**William Hardin BROOKS, Appellee.**

Court of Appeals of Kentucky.

Oct. 27, 1961.

Charles W. Morris, Morris & Garlove, Louisville, for appellant.

Edward Ewen, Jr., Cecil Davenport, Louisville, for appellee.

WILLIAMS, Judge.

The appellee, William Hardin Brooks, was injured in an accident involving a motorcycle which he was driving and an automobile driven by appellant, David E. Weaver. The case was brought to trial in the Jefferson Circuit Court and judgment for appellee was entered on a verdict of $20,000. This appeal is prosecuted from that judgment.

According to appellant's testimony, he was traveling south on Orell Road looking for Elizabeth Avenue, which intersects Orell Road from the east. Approximately 150 feet south of the Elizabeth Avenue intersection Orell Road divides into a "Y" intersection—one branch being designated as Orell Road and the other as Old Dixie Highway. Upon reaching Elizabeth Avenue,

appellant looked south, saw no vehicle approaching from that direction, activated his turn signal indicator, and proceeded to turn left preparatory to entering Elizabeth Avenue. After getting almost across the left lane of Orell Road he glanced over his right shoulder and saw appellee on a motorcycle approaching him at a high rate of speed. Appellee struck the right rear fender of his car after it had gone off the black top surface of Orell Road.

Appellee stated that he was proceeding north on Old Dixie Highway and at the "Y" intersection he looked north and no traffic was in sight. He then turned his head to the right and looked south to determine if any traffic was coming from that direction. He continued north on Orell Road at a speed of 35 miles per hour and was within about 60 feet of appellant's car before he saw it. Appellant's car at that time was angling into Elizabeth Avenue. Appellee immediately applied his brakes and attempted to "lay down" his motorcycle but was unable to stop in time to avoid a collision.

A witness driving an automobile immediately behind appellant testified that after appellant started the left-hand turn he saw appellee, who was then approximately 145 feet from the point where the collision occurred.

Appellant argues that he was guilty of no negligence and that appellee was negligent as a matter of law, (1) in failing to keep a proper lookout ahead, and (2) in failing to have his motorcycle under control. It must be remembered, however, that appellee stated when he reached the "Y" intersection he looked north and no traffic was in view. It was established that from the above-mentioned intersection it was possible to see 150 feet, which would have been to the point of the collision but no further. Appellant testified that appellee was not in sight at the time he started to negotiate the left turn but later approached at a tremendous rate of speed. Appellee testified that he was driving at a reasonable rate of speed and kept a proper lookout. The fact that ap-

pellee was unable to stop his motorcycle within a distance of about 60 feet is not sufficient reason to assume as a matter of law that he failed to have the motorcycle under control. There was conflicting evidence concerning who kept a proper lookout, and concerning the other duties of each of the drivers. In such case it was proper to submit the issue to the jury.

■ The trial court gave a general instruction to the effect that it was the duty of each driver to operate his vehicle at a reasonable rate of speed. There was no proof that appellant was traveling at an unreasonable rate of speed, so technically an instruction on his speed should have been omitted. A similar objection was made concerning the instructions given in an automobile accident case which was decided in 1933 and this court held that no material prejudice arose therefrom. E. L. Martin & Co. et al. v. Hurt's Adm'r., 250 Ky. 235, 62 S.W.2d 465. It was pointed out in Miller v. Miller, Ky., 296 S.W.2d 684, 65 A.L. R.2d 589, that technically incorrect instructions are not grounds for reversal where the rights of the losing party are not prejudiced.

■ The trial court also instructed the jury in part as follows:

"It was the further duty of the defendant, Weaver, to see that there was sufficient time and space to make a left turn into Elizabeth Avenue in reasonable safety, and before turning to first see that there was sufficient space for the turn to be made in safety, and to pass to the left of the center point of the intersection in making the turn (that is the meeting of the medial lines of the two streets, Elizabeth Avenue and Orell Road) keeping as far to the right as possible and still passing to the left of the center point. * * *"

Appellant claims it was error to instruct the jury that it was his duty to see that the left turn could be made in safety, and to refuse to instruct that if he first reached and entered the intersection beyond the cen-

ter point, he had the right of way and it was the duty of appellee to yield the right of way to him. This question was recently discussed in Rankin v. Green, Ky., 346 S.W.2d 477. In that case we considered a similar instruction and held that priority shall be given to the vehicle proceeding in a straight course. The instruction questioned here was not erroneous.

The judgment is affirmed.