Thomas Lee HAINLINE, Appellant,

v.

James B. HUKILL and Ora L. Hukill,
Appellees.

Court of Appeals of Kentucky.

Oct. 23, 1964.

Morris B. Borowitz, Louisville, for appellant.

Boehl, Stopher, Graves & Deindoerfer, Joseph E. Stopher, A. J. Deindoerfer and William P. Swain, Louisville, for appellees.

W. R. GENTRY, Special Commissioner.

This litigation involves a collision between two automobiles, occurring on the Clark Memorial Bridge which crosses the Ohio River at Louisville, Kentucky.

Thomas Hainline, appellant and plaintiff below, was operating his automobile north across the bridge in its east lane. The Hainline vehicle was struck in its rear by an automobile owned by the appellee, Mrs. James Hukill, but being operated by her husband, also an appellee, both of whom were defendants below.

As a result of the collision the appellant brought suit against the appellees for the purpose of recovering damages alleged to be due as a result of the negligent operation of the Hukill automobile. The issues were joined by an answer of appellees denying negligence and pleading, by way of defense, contributory negligence on the part of appellant. On the trial of the case a jury returned a verdict in favor of the appellees. The lower court, following the verdict, dismissed the complaint and this appeal followed.

For reversal, the appellant suggests the trial court erred in not sustaining his motion for a directed verdict at the conclusion of the evidence, and by improperly instructing the jury as to the duties required of appellant.

While the facts of the case are simple, they are in dispute. In substance, the appellant contends that as he was crossing the bridge he applied the brakes of his vehicle, thereby activating its tail lights, and brought it to a gradual stop for the purpose of picking up a "hitch-hiker"; that before applying the brakes he observed the road to the rear of his automobile but saw no traffic; that at the time of the collision his vehicle was stopped for the indicated purpose.

In substance, the operator of the Hukill vehicle claimed he was following the Hainline automobile a distance of two or three car lengths, at a speed of about 25 to 30 miles per hour; that appellant, without any warning except the activation of the tail lights, applied the brakes of his vehicle, bringing it to a sudden stop; that he observed the rear lights of appellant's car but was unable to avoid the collision.

It also appears from the evidence there was nothing on the bridge at the time of the collision to obstruct the progress of the Hainline automobile.

It is obvious from all the testimony that the evidence presented questions of fact which required the court to submit the case to the jury. Hence, there is no merit to appellant's claim that he was entitled to a directed verdict or a judgment notwithstanding the verdict. KRS 189.380(3) prohibits the sudden stopping of a motor vehicle without giving an *appropriate* signal of the intention so to do. If the jury believed from the evidence that appellant failed to meet this duty it was justified in finding for appellees.

Appellant also argues that by an ordinance of the City of Louisville he was permitted, at the time and place of the collision, to stop his vehicle for the purpose of picking up a passenger; that the portion of the bridge where the collision took place was in the City of Louisville and should therefore be treated as a city street rather than a public highway. There is no basis for this claim because the instructions did not prohibit appellant from stopping for that purpose, but required him not to do so suddenly, without signal.

The instructions did not embrace the term "appropriate signal" contained in the statute. This omission was more favorable than unfavorable to the appellant. Reason dictates that no matter what strained construction is placed on the statute, a motorist cannot suddenly apply his brakes, relying only on tail lights as a warning to closely following motorists and without otherwise regarding the safety of such motorist, for the sole purpose of aiding a pedestrian and be said to exercise ordinary care for his

own safety and the safety of other traffic, or to be operating his vehicle in a careful manner.

■ As to appellant's claim of error in the instructions: The jury was instructed it was appellant's duty "to exercise, for his own safety, ordinary care to so operate his automobile so as not to bring it into collision with other vehicles, and not to bring his automobile to a stop suddenly, without giving signal of his intention so to do, and to keep a lookout for other vehicles." The appellant does not object to the "sudden stop" duty placed upon him, but does object to the remaining duties.

The objection of the appellant to the duty of exercising ordinary care for his own safety, as well as to avoid a collision, overlooks two basic elements of the case. The first is, the defense to his claim was a plea of contributory negligence. Therefore, if he failed to exercise ordinary care for his own safety, as well as to prevent the collision, no matter how negligent the appellees might have been, appellant cannot recover. The second is, KRS 189.290 placed a duty on appellant to operate his vehicle in a careful manner, with regard for the safety of other vehicles.

■■ The appellant next complains of the lookout duty placed upon him by the instructions and cites in support thereof Long v. Scheffer, Ky., 316 S.W.2d 375, and intimates that under that case it was error for the court to place a lookout duty on appellant. The Long case does not hold, as a matter of law, that there is no duty on a motorist to observe what is to his rear. All the court stated in the Long case in this regard is as follows:

"We know of no legal requirement that the driver of a vehicle must keep a lookout behind, *but even if defendants' driver was in this or some other respect negligent * * *"*.

Usually, the duty of lookout implies to look ahead, but it seems the use of the term "lookout" in the court's instructions and

under the facts of this case amounted only to a choice of expression, and certainly could not have confounded the jury. In Slate v. Witt, 188 Ky. 133; 221 S.W. 217, this Court approved an instruction which placed upon the operator of a vehicle being followed by another the duty to exercise ordinary care to learn of the presence of the other vehicle. The usual method of performing this duty is by the use of the rear view mirror with which automobiles are required to be equipped. KRS 189.130. If a motorist has no duty of lookout for following traffic, then what is the purpose of KRS 189.130? Surely the jury did not construe the lookout duty as requiring the appellant to see what was to his rear by observing only what was ahead.

In Holder Motor Co. v. Davidson, Ky., 243 S.W.2d 926, this Court stated:

"Due undoubtedly to decisions rendered by this court from time to time, a conscientious trial judge hesitates to write into his instructions a simple, original, non-technical statement of the essential duties governing liability. Perhaps our system is much at fault, and overemphasis is placed upon technicality and form rather than substance. A trial court should be encouraged, however, particularly in automobile cases, to limit the issues to those fundamental questions which arise out of the distinctive conditions developed by the evidence * * *".

It appears the trial court's instructions in this case admirably complied with the quoted suggestion. Not only is this true, but the instructions complained of tersely stated the "law of the road" of this case as defined in Short v. Robinson, 280 Ky. 707, 134 S.W.2d 594:

"[T]he 'Law of the Road' which is custom or practice which has become crystallized into an accepted system of rules regulating travel on the highways."

■ It cannot be said that because the court used the term "lookout" rather than

the phrase "ordinary care" to learn of the presence of a closely following vehicle, the instructions were so prejudicial as to require a reversal. Assuming arguendo that the instructions were technically incorrect, which we hold they were not, such is not ground for reversal where the rights of the losing party are not substantially prejudiced. Weaver v. Brooks, Ky., 350 S.W.2d 639; Rules of Civil Procedure, 61.01, 61.02.

Finding no error which is substantially prejudicial to the appellant we recommend that the judgment be affirmed.

The opinion is approved and the judgment is affirmed.