**Richard Royce SALYER, Appellant,**

v.

**Gloria H. BOOHER, Appellee.**

Court of Appeals of Kentucky.

June 23, 1967.

As Modified on Denial of Rehearing
Nov. 3, 1967.

J. Walter Clements, Louisville, for appellant.

Joseph C. O'Bryan, Louisville, for appellee.

WADDILL, Commissioner.

Richard Salyer appeals from a judgment awarding Mrs. Gloria Booher $5,069 as damages she allegedly sustained as a result of a collision between their respective automobiles. Salyer contends that Mrs. Booher was negligent as a matter of law, jury instructions were prejudicially erroneous and the evidence does not support the award of damages.

At about 9:00 a. m., December 7, 1963, Salyer and Mrs. Booher were each driving their automobiles north on Minors Lane, a road in Jefferson County which is divided into one northbound and one southbound traffic lane. Mrs. Booher testified that she was proceeding at about 25 mph and was intending to turn left into Shuck Lane. When she was about 200 feet from the intersection of Shuck and Minors Lanes she saw Salyer's automobile four to six car lengths behind her. She stated that she activated her mechanical signal to indicate a left turn and gradually applied her brakes preparatory to making her turn after an approaching southbound vehicle had cleared the intersection. Salyer attempted to pass Mrs. Booher on her left side as she turned left into Shuck Lane. The right front of Salyer's automobile struck the left rear of Mrs. Booher's automobile knocking it off the road and over a bank. Mrs. Booher was tossed about inside her automobile and sustained numerous injuries.

Salyer contends that Mrs. Booher was negligent as a matter of law because she did not signal her left turn nor ascertain the position of his car before initiating her turn into Shuck Lane. If Mrs. Booher's testimony is accepted it should have been apparent to Salyer for a distance of 200 feet that she would turn left into Shuck Lane as soon as the southbound vehicle had passed the intersection.

■ The testimony of Salyer to the effect that Mrs. Booher was negligent did not require the trial court to direct a verdict in Salyer's favor because his testimony, when considered in connection with that of Mrs. Booher, merely gave rise to questions of fact to be decided by the jury under appropriate instructions. Hainline v. Hukill, Ky., 383 S.W.2d 353; Swope Motors v. Tabb, Ky., 313 S.W.2d 592.

■ Salyer next contends that the instructions failed to properly set forth Mrs. Booher's duties in the circumstances shown. He urges that Mrs. Booher, in addition to giving a turn signal, was required by KRS 189.350 and 189.380(1) to give way to the overtaking vehicle and to refrain from turning from a direct course until it could be done with reasonable safety. We reject this contention insofar as it would require Mrs. Booher "to give way to the overtaking vehicle." However, we find the instruction given was faulty and therefore we must reverse the judgment. In the event of another trial, and if the evidence is substantially the same, the court will also give an instruction similar to the one approved in Weaver v. Brooks, Ky., 350 S.W.2d 639.

It is contended further that the evidence does not support the instruction which authorized the jury to award Mrs. Booher $600 as damage to her automobile. This is based upon the allegation that she failed to qualify as an expert witness on estimating the value of her automobile. We find no merit to this argument.

■ It is finally contended that damages awarded Mrs. Booher are excessive in that they are not supported by the evidence. Dr. Allen F. Zoeller, an orthopedic surgeon, testified concerning Mrs. Booher's injuries, the pain she has suffered and the treatment she has undergone. He opined that Mrs. Booher:

"* * * will have some permanent disability because the ligaments didn't heal back completely and this disability will consist of episodes of neck and low back pain with radiation of pain into the right leg."

 

This testimony alone is amply sufficient to sustain the award of damages.

The judgment is reversed with directions to grant appellant a new trial in accordance with this opinion.

All concur.