**Bobby SCOTT, by and In the name of his mother and Next Friend, Audrey Scott et al., Appellants,**

**v.**

**Donald LAFFERTY, Appellee.**

Court of Appeals of Kentucky.

March 22, 1968.

Fred G. Francis, Howard, Francis & Howard, Paul E. Hayes, Prestonsburg, for appellants.

W. W. Burchett, Joe Hobson, Prestonsburg, for appellee.

STEINFELD, Judge.

On a warm clear day in November 1964 between 4:30 and 5:00 p. m., State Patrolman Lafferty had driven a police cruiser through the town of Martin in Floyd County, Kentucky, on his way from his place of duty to his residence. On Highway 80, the pavement of which is 20 feet wide, he crossed a bridge on the outskirts of Martin and at a speed of about 30 miles per hour entered an area where there were commercial structures on both sides of the road. The first building he passed on his right was Scott's Market which was approximately 51 feet from the highway. The next store was a television repair shop which set back 55 feet. Automobiles and a truck were parked along the road in front of these stores. There was testimony that they were "only three or four feet off the road." The bridge, these vehicles, various power poles and signs substantially obstructed his view of a dirt road, topped with gravel, which passed along the side of the television store and formed a "T" intersection with the highway just beyond that store, and about 130 feet from the end of the bridge.

Bobby Scott who was five years of age was riding a pony which was sometimes gentle but other times unruly. He was on the dirt road and was approaching the highway. Bobby was unable to control the pony and it ran between two cars which were parked in front of the stores. It came out onto the highway in front of the police cruiser which hit the pony and seriously injured the boy. The distance from the end of the bridge to the point of impact was about 110 feet. Suit was filed against the officer by the mother and next friend of the boy. The jury found for the officer. Judgment was entered dismissing the claim from which the boy, by and through his mother, appealed.

The officer testified that he saw no people around and that:

"When I first saw the pony it was immediately before the collision took place, it dashed right out from behind the car into the highway in front of me."

When asked how far it was from him when he first saw it, and what happened, he said:

"Well, it seemed like to me it was ten feet, it could have been more because I was moving, traveling, and the pony was traveling too."

A witness who was riding in an automobile following Lafferty said the pony could have been as much as twenty feet from the highway when it emerged from behind the parked cars. Other testimony of the officer was:

"Just as I seen him coming out from behind the vehicle that was parked beside of the road, I cut my wheels, my steering wheel to the left and hit my brakes. I did it, I guess in one movement just as fast as I could. I know I hit my brakes hard enough that I did kill the engine in my car."

\* \* \* \* \* \*

"The pony had got out onto the pavement there, it just dashed out and the right front bumper of my car hit the pony's left front leg a glancing blow as I would call it because I was trying to cut away from it."

He said that he lacked missing the pony "about a foot or a foot and a half". Skid marks made as Lafferty stopped the cruiser were approximately 30 feet in length.

Over objection Lafferty and another witness were permitted to testify that the mother of Bobby Scott said to the officer "I know you couldn't help it". Appellants contend that this was error. A sudden emergency and an unavoidable accident instruction were given. The Scotts argue that these should not have been given, but if they were authorized they were not in proper form.

At the conclusion of appellants' evidence and again at the conclusion of all of the evidence counsel for Lafferty moved the court for a directed verdict. The motion was overruled but the jury found for appellee. We are convinced that the court was in error in not sustaining the motion for a directed verdict, and that had a verdict been rendered in favor of the appellants we would be compelled to hold that there was insufficient evidence to support it.

Because the appellee was entitled to a directed verdict it is unnecessary for this court to consider the errors claimed by the appellants as there was no prejudice. CR 61.01; Dixon v. Mowbray & Robinson Lumber Co., 230 Ky. 303, 19 S.W.2d 973 (1929); Hamilton v. Taylor, Ky., 249 S.W. 2d 730 (1952); Weaver v. Brooks, Ky., 350 S.W.2d 639 (1961).

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE and PALMORE, JJ., concur.

EDWARD P. HILL, J., is not sitting.