**Donald O. LOCKRIDGE et al., Appellants,**

**v.**

**Lindey MERCER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

As Modified on Denial of Rehearing March 28, 1969.

2. See footnote number 1.

———————

George S. Wilson, III, Wilson & Wilson, Owensboro, for appellants.

Sandidge, Holbrook, Craig & Hager, Owensboro, for appellees.

CLAY, Commissioner.

This is a motor vehicle collision case in which the jury found both drivers negligent. Plaintiff appellants appeal on the sole ground that the instructions to the jury were erroneous.

The plaintiff driver was operating a Volkswagen pickup truck, proceeding east on U. S. Highway 60 near Owensboro. This is a two-lane paved highway. He made a left turn to reach a parellel "lane" on the north side of the highway and was struck broadside in the left lane by defendant appellees' truck, which was attempting to pass at the time.

The plaintiff driver in the Volkswagen was unable to recount how the accident happened. There was evidence he had given a proper left-turn mechanical signal. Defendant driver testified that as he was overtaking the Volkswagen both of its rear lights flashed and the vehicle pulled off to the right as if to stop on the right-hand shoulder. He also testified that no left-turn signal was given and he was attempting to pass in the left lane when the collision occurred.

■ The instruction criticized detailed the statutory duties of the plaintiff driver. It set forth the driver's statutory duty to give a turning signal and identified the kind of signals which must be given upon turning either *right* or *left*. It is contended that the reference to turning right assumed a fact in issue which influenced the jury to believe defendants' version of how the accident happened. The instruction does not assume an essential fact as appears in Conley v. Foster, Ky., 335 S.W.2d 904. The evidence for both parties was that plaintiff driver gave some sort of a mechanical signal prior to making his turn. The instruction simply identified the statutory signals required if appellant driver intended to turn either way. Actually, under the facts shown, the reference to the right turning signal may have been unnecessary and surplusage but we do not think it misled the jury or was in any way prejudicial. See Miller v. Miller, Ky., 296 S.W.2d 684, 65 A.L.R.2d 589; Weaver v. Brooks, Ky., 350 S.W.2d 639; Hainline v. Hukill, Ky., 383 S.W.2d 353.

■ It is next contended that the instructions erroneously required plaintiff driver to keep a reasonable lookout to the rear and not to make a turn without ascertaining such movement could be made with reasonable safety. It is apparently appellants' position that this duty should have been limited to the time when the driver was required to give a signal, which was at least 100 feet before actually turning. The argument is that once a driver has given a signal to make a left turn, he no longer has any duty to ascertain whether the turning will reasonably affect the operation of a following vehicle. We know of no reason or authority for such a proposition. The flashing of a turning signal does not discharge all of the duties of a motorist. KRS 189.380(1) provides that no person shall *turn* a vehicle (from a direct course upon a highway) unless such movement can be made with reasonable safety. Clearly this imposes a continuing duty on a motorist, after giving his signal, to observe traffic conditions both fore and aft up to the time of actual turning. The subject of lookout for vehicles approaching from the

rear was discussed in Hainline v. Hukill, Ky., 383 S.W.2d 353. In addition of course, KRS 189.290 requires a motorist to operate his vehicle in a careful manner at all times.

It is finally contended the trial court erred in instructing the jury that plaintiff driver should have his motor vehicle under reasonable control and should keep a reasonable lookout ahead. These are the duties of every driver and we cannot say that reference to them in the instructions constitutes reversible error even though the claimed negligence was based upon the violation of other statutory duties. These duties may have been technically irrelevant in this case but including them in the instructions could not have misled the jury with respect to the basic issue involved. See Baker v. Sizemore, Ky., 338 S.W.2d 386, 391, and Sparks v. Doe, Ky., 379 S.W.2d 252.

The real question with respect to plaintiff driver's negligence was whether he failed to give a proper turning signal or otherwise failed to exercise reasonable care to prevent or avoid the collision. His duties were fairly presented by the instructions, and we find no reversible error.

The judgment is affirmed.

All concur.