**Herbert R. DEVER, Appellant,**

v.

**Jimmie GORANFLO et al., Appellees.**

**NATIONAL EMBLEM INSURANCE COMPANY, Appellant,**

v.

**Doris J. DEVER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1971.

Rehearings Denied Dec. 17, 1971.

James C. Hickey, Jones, Ewen, MacKenzie & Peden, Louisville, for appellants.

James Levin, Hanish, Levin & Yussman, C. Alex Rose, Curtis & Rose, Louisville, Thomas F. Manby, Jr., Manby, Williamson & Smith, LaGrange, for appellees.

DAVIS, Commissioner.

Two appeals arising from litigation concerning the same automobile accident have been consolidated and will be disposed of in this opinion.

A car driven by appellant Herbert Dever was involved in a collision with a car driven by appellee Jimmie Goranflo at approximately 7:15 p. m. on September 23, 1967. Suit was brought against Dever and Goranflo charging that their concurrent negligence caused injuries to two passengers in Dever's car and the wrongful death of another passenger in Dever's car. Counsel for Dever and Goranflo subscribed the following stipulation before trial:

"It is stipulated in the record that the demand of $15,000.00 in settlement of all of the plaintiffs' claims is accepted by all of the defendants, the jury to determine, for the purposes of this action only, the question of liability and to determine what the defendants' pro-rata payment of the $15,000.00 shall be."

By its verdict the jury ascribed 88% of the blame for the accident to the negligence of Dever and 12% of the fault and consequent liability to the negligence of Goranflo. Dever prosecutes an appeal (File No. V–44–69) asserting that the court erred to his prejudice in instructing the jury. The nature of the consolidated appeal will be discussed later in the opinion.

Dever was proceeding southwardly on Grade Lane, a two-lane county road in Jefferson County, when he overtook Goranflo, who was driving in the same direction. Dever undertook to pass the Goranflo car, but the cars collided as Goranflo undertook a left turn into a subdivision street as Dever was in the act of passing. Dever stated that he blinked his headlights and blew his horn before attempting to pass the Goranflo car. Dever said that he did not observe any turn signal or brake-light signal from the Goranflo car. There was evidence tending to show that the Dever car was practically alongside the Goranflo car before the latter car was driven to its left for the turn. Goranflo was unaware of the Dever vehicle's presence at any time before the collision.

Dever tendered an instruction which would have placed a duty on Goranflo "not to turn into the street on his left side of Grade Lane until he could do so with reasonable safety, and before turning to first see that there was sufficient space for the turn to be made in safety." The court refused to give an instruction expressing such duties as devolving upon Goranflo.

Dever contends that the ruling in Salyer v. Booher, Ky., 419 S.W.2d 533, is dispositive of the present case. In Salyer the judgment of the trial court was reversed because the instructions did not impose upon the driver making a turn a duty to refrain from turning from a direct course until the turn could be made with reasonable safety. That ruling was based in part

upon KRS 189.380(1) which provides in pertinent part:

> "No person shall turn a vehicle upon a highway unless and until such movement can be made with reasonable safety * * *."

The court directed in Salyer that upon another trial the instruction on the matter at issue should be patterned upon the instruction approved in Weaver v. Brooks, Ky., 350 S.W.2d 639. In Weaver the approved instruction imposed on the turning driver the duty "to see that there was sufficient time and space to make a left turn * * * in reasonable safety, and before turning to first see that there was sufficient space for the turn to be made in safety * * *."

Lockridge v. Mercer, Ky., 438 S.W.2d 486, pointed out that KRS 189.380(1) imposes a continuing duty, after an appropriate turn signal has been given, "to observe traffic conditions both fore and aft up to the time of actual turning." Id. 438 S.W. 2d 487.

Appellee Goranflo contends that Maybrier v. Baldwin, Ky., 442 S.W.2d 585, is authority for the proposition that Goranflo was free of negligence and entitled to a directed verdict anyway, so no prejudicial error occurred. But, the factual situation in Maybrier was quite different from the one presented here. In Maybrier it was clear that there was a car between the turning vehicle and the passing vehicle. The physical facts clearly showed that the driver of the turning car had no opportunity to perceive that the Maybrier car would attempt to pass her. That decision is inapplicable here.

In light of the statute, KRS 189.380(1), and the cited cases which have considered it, the court concludes that it was error for the trial court to refuse to instruct on Goranflo's duties as requested. The inclu-

sion of the general duty to exercise ordinary care was not enough to obviate the omission.

Neither is there merit in Goranflo's argument that the error, if any, was cured by the verdict. This reasoning would be apt in the usual circumstances in which adverse drivers are litigating which was at fault. But in the peculiar circumstances of this case, the drivers were litigating as to their *comparative* responsibility. Thus, the jury could not appropriately measure their respective degrees of liability without an accurate guideline as to their respective duties. The reasoning applied in jurisdictions following the comparative-negligence rule is persuasive here. See Walker v. Kroger Grocery & Baking Co., 214 Wis. 519, 252 N.W. 721, 92 A.L.R. 680.

It follows that the trial court committed reversible error in refusing the tendered instruction. The judgment is reversed in the appeal styled Herbert R. Dever v. Jimmie Goranflo et al. (No. V–44–69).

After judgment had been entered on the verdict and a notice of appeal filed, the trial court permitted an amended complaint in behalf of the plaintiffs against National Emblem Insurance Company, the carrier of Dever's liability insurance. Summary judgment was entered against National Emblem. It is unnecessary to consider whether it was procedurally proper for the trial court to enter that judgment, since the original judgment upon which it was predicated is now being reversed. Therefore, the judgment on appeal in the case styled National Emblem Insurance Company v. Doris J. Dever et al. (No. F–145–69) is also reversed.

The judgments are reversed in each appeal for further proceedings consistent with the opinion.

All concur.