**Frank W. SORG, Appellant,**

v.

**Ennis C. PURVIS, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Marion Rider, Frankfort, for appellant.

William A. Young, Young & Williams, Frankfort, for appellee.

EDWARD G. HILL, Special Commissioner.

This is an appeal from a judgment dismissing the complaint of the appellant. The controlling issue was whether or not the plaintiff was contributorily negligent in stopping his automobile at an intersection at which time his automobile was struck in the rear by a vehicle operated by the appellee. The issue was presented to the jury and the verdict was for the defendant.

The facts, summarily, are as follows: The accident occurred on November 6, 1968, at the intersection of Broadway and Madison Streets in ,Frankfort, Kentucky. Appellant was operating his automobile in an easterly direction on Broadway. The appellee was operating his vehicle in the same direction and was traveling at variable distances behind appellant's automobile.

This accident occurred at 7:00 a. m. and both vehicles had their lights on. When the appellant's automobile reached the intersection at Madison Street, he brought his automobile to a stop, and his car was struck in the rear by the vehicle of the appellee. The automobile of the appellant was equipped with directional signals, and brake lights on the rear which were activated by applying the brake pedal. Appellant claims that when he was about 100 feet from the intersection he turned on his directional signal light indicating his intention to make a left turn and at this time applied his brakes and brought his car to a gradual stop.

The appellee testified that he was driving at a speed of 15 miles per hour and was driving some 25 feet to the rear of the appellant's automobile, and that the automobile of the appellant without signal or brake lights coming on suddenly stopped in front of him. He further testified that he had followed the automobile for a considerable distance and he did not recall having seen any lights on the rear of the automobile. These facts bring us to the real issue, that being the propriety of Instruction No. 2 given by the lower court as follows:

"Instruction No. 2. (1) It was the duty of plaintiff on the occasion referred to in the evidence, to exercise ordinary care for his own safety and to avoid injury to himself, and if the plaintiff knew, or by the exercise of ordinary care could have known or discovered, that defendant's vehicle was close behind the automobile which he was driving, it was further the duty of the plaintiff to warn the defendant by some appropriate signal or gesture that he intended to stop his automobile or suddenly to decrease the speed thereof before doing so; and, even though the jury may believe from the evidence that the defendant was negligent in the operation of his vehicle upon the occasion complained of, if you shall further believe from the evidence that the plaintiff violated some one or more of the duties imposed upon him under this instruction, and that such negligence on the part of plaintiff, if any, contributed or helped to cause and bring about the collision between the defendant's vehicle and the plaintiff's automobile to any extent, then the plaintiff is guilty of contributory negligence and may not recover, and if you so believe you should find for the defendant.

"(2) 'Appropriate signal' as used in this instruction means a signal given either by means of the hand and arm or by a signal lamp or lamps or a mechanical device, other than the stop lights on the rear of an automobile which are normally activated by pressure upon the brake pedal."

We do not feel that Instruction No. 2 correctly states the law under the circumstances in this case.

It will be seen that at the conclusion of Instruction No. 2, subsection. 1, the test is

stated to be: " . . . if you shall further believe from the evidence that the plaintiff violated some one or more of the duties imposed upon him under this instruction, and that such negligence on the part of the plaintiff, if any, contributed or helped to cause and bring about the collision between the defendant's vehicle and the plaintiff's automobile to any extent, then the plaintiff is guilty of contributory negligence and may not recover, and if you so believe you shall find for the defendant."

■ It is quite clear that the phrase "to any extent" does not accurately give the true test of contributory negligence as relates to the causation requirement.

We believe that the Supplement to Stanley's Instructions correctly and properly defines the test of contributory negligence as follows:

"If you believe from the evidence that the plaintiff failed in any one or more of said duties and that such failure on his part, if any, contributed to or helped to bring about the collision, to such extent that otherwise it would not have occurred, then the law is for the defendant, and you shall so find."

Attention is directed to C. & O. Railroad Company v. Conley, 136 Ky. 601, 124 S.W. 861; L & N Railroad Company v. Hines, Ky., 302 S.W.2d 553; and Hunt's Administrator v. C. & O. Railroad Company, Ky., 254 S.W.2d 705.

The instruction given by the lower court did not properly encompass the requirements of contributory negligence.

■ We also are of the opinion that subsection 2 of Instruction No. 2 does not properly state the law. It is fundamental that an instruction based on a statute should encompass the wording of the statute so far as possible. KRS 189.380(4) requires that "all signals required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or a mechanical signal device". It will be seen that the instruction qualifies the statutory designation of acceptable signals by the phrase "other than the stop lights on the rear of an automobile which are normally activated by pressure upon the brake pedal". We do not feel that the statute can properly be restricted in this manner.

■ There was a question of fact presented by the evidence as to whether the plaintiff stopped gradually, activating his turn signal and brake signal, or whether he stopped suddenly as contended by the appellee. The appellee cites Hainline v. Hukill, Ky., 383 S.W.2d 353, as authority supporting subsection 2 of Instruction No. 2. We do not interpret this case as supporting the contention of the appellee. In reading the authority and the statute, "appropriate signal" encompasses more than just a warning signal on the rear of the vehicle; it also encompasses the activating of such signal in time for the operator of the following vehicle to react to the signal. Of course, if an arm signal and a mechanical light system were both used instantly before a vehicle stopped it would avail no warning to a following vehicle. Time and distance in this situation are important factors in defining "appropriate signal".

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.