EUGENE CHAINEY, individually and as Guardian Pro-Chein Ami for PAUL CHAINEY, minor, Plaintiffs-Appellants, *v.* EDWARD JENSEN, MRS. EDWARD JENSEN and JEFFREY JENSEN, Defendants-Appellees

NO. 6311

JULY 22, 1980

PADGETT, ACTING C.J., BURNS, J., CIRCUIT JUDGE AU IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment entered in the court below in favor of the defendants-appellees. The issue is whether in a comparative negligence case it was error to refuse to give two specific instructions to the jury. We affirm.

On the evening of October 24, 1972, Appellee Jeffrey Jensen, Appellant Paul Chainey and others, all minors, were drinking beer on the grounds of the Kilohana Church on Mahimahi Street in Honolulu. Appellee, with two others, got into his car, proceeded Kokohead on Mahimahi Street and made a U-turn. Appellant walked into Mahimahi Street, began waving with his hands over his head and hopping from

foot to foot, as appellee approached, driving 20-25 miles an hour. The evidence is disputed as to exactly how the accident happened but the front part of appellee's vehicle collided with appellant and came to rest on his right leg. He was seriously injured. The case was tried before a jury which found both appellant and appellee guilty of negligence proximately causing the accident in question, and apportioned fault 32% to appellee and 68% to appellant. Accordingly, under the comparative negligence statute, HRS § 663-31, judgment in favor of the appellee was entered.

Appellant complains of the refusal of the court below to give two instructions which read as follows:

PLAINTIFFS' REQUESTED INSTRUCTION NO. 7:

You are instructed that it is the duty of every driver to keep a careful lookout in order to see any other person that may be in his path of travel, and that it is the driver's further duty to take all reasonable precautions to avoid hitting that person.

PLAINTIFFS' REQUESTED INSTRUCTION NO. 8:

No person shall drive a vehicle on a highway at a speed greater than is reasonable under the conditions then existing.

Appellant contends that these instructions were proper statements of the law, were applicable to the facts of the case and were not adequately covered by other instructions given by the court. As to Instruction 7, the language with respect to keeping a lookout is obviously, under the facts of the instant case, surplusage. There was no dispute that the appellee saw the appellant in the road. The remaining language deals with the conduct of a driver as a reasonable person, after having seen appellant. As to Instruction 8, it again deals with the conduct of a driver as a reasonable person, giving regard to conditions then existing. Hence, neither instruction imposes on the driver any duty other than to act reasonably.[1] The duty

---

[1] We note that the instructions were not so framed as to indicate that they were provisions of the statewide Traffic Code and no instruction was offered that violations of the Code constituted evidence of negligence.

to act reasonably in the circumstances was adequately covered by the court's general instructions.

It is obvious, from the verdict of the jury holding the appellee to be negligent and his negligence to be a cause of the accident, that there was no confusion in the jury's mind as to the fact that the appellee did not act as a reasonable person under the circumstances and that the lack of Plaintiffs' Instruction Nos. 7 and 8 did not prejudice the appellant in that respect.

Nonetheless, appellant argues that, under *Dever v. Goranflo*, 473 S.W.2d 131 (Ky. App. Ct. 1971), the matters covered in the two instructions were statutory duties and that in a comparative negligence situation, the court is bound to give, as specific instructions, the statutory duties imposed upon the parties. We note, however, that the Wisconsin case cited by the Kentucky court for the above proposition *Walker v. Kroger Grocery Co.*, 252 N.W. 721, 92 A.L.R. 680 (1934), does not appear to support the principle for which it is cited. In *Walker*, the Wisconsin Supreme Court held a negligence instruction as to the word "cause" to be insufficient where

"The [trial ] court made no attempt to impress upon the jury that the cause must be the efficient cause, nor is there any limitation as to however remote it might be."

252 N.W. at 728. The court did not consider whether it was necessary to give specific instructions as to the statutory duties of the parties in order to facilitate the jury's understanding of those duties in its allocation of liability under Wisconsin's comparative negligence statute.

The *Dever* and *Walker* cases are also distinguishable from the case at bar in that they arose in jurisdictions where a violation of a statutory duty is negligence *per se*. *Meihost v. Meihost*, 139 N.W.2d 116 (Wis. Sup. Ct. 1966); *Locicero v. Interpace Corp*, 266 N.W.2d 423 (Wis. Sup. Ct. 1978); *Murphy v. Homans*, 150 S.W.2d 14 (Ky. App. Ct. 1940); *Louisville Taxicab and Tr. Co. v. Holsclaw Transfer Co.*, 344 S.W.2d 828 (Ky. App. Ct. 1961). Our Supreme Court, on the other hand, has held such a violation of a statutory duty to be only evidence of negligence. *Young v. Hon. C. & D. Co.*, 34 Haw. 426 (1938). Thus, the importance of jury instructions defining

a statutory duty is greater in Wisconsin and Kentucky than in Hawaii.

Nonetheless, had the instructions offered by appellant dealt with a specific statutory duty other than the duty to act reasonably, as for example, if there had been evidence that the appellee was exceeding a posted speed limit, a different question would have been raised. In this case, however, the instructions offered and refused imposed no greater duty on the appellee than to act as a reasonable person under the circumstances and that duty, for purposes of comparing the proximate fault of the respective parties, was sufficiently covered by the instructions given.[2] Indeed, it has been stated that:

> Where the defendant's negligence consists of an alleged violation of a safety statute *which amounts to negligence per se,* it has been held that it is *not* prejudicial error *not* to call the jury's attention to the different standards of care in such a statute in addition to giving proper instructions requiring the jury, in making its comparison of negligence, to consider the conduct of the party as a whole.

(Emphasis supplied) Am. Jur.2d, New Topic Service, *Comparative Negligence* § 56 at 67.

The duty of the jury in passing on the percentage of comparative negligence was to give consideration to the whole record. It appears to us from the record that the jury carried out that duty. We see no error in the refusal of Plaintiffs' Instruction Nos. 7 and 8; consequently, we affirm the judgment below.

*Henry Kitamura (Walter S. Kirimitsu* on the briefs) for plaintiffs-appellants.

*Berton T. Kato (Clyde Wm. Matsui* on the brief) for defendants-appellees.

---

[2] We note that the appellant did not offer, nor did the court give, any instructions as to how the jury was to go about determining the degree to which the negligence of each party contributed to the accident in terms of percentage such as is given in Wisconsin. *Compare Lovesee v. Allied Development,* 45 Wis.2d 340, 173 N.W.2d 196 (1970); *Brons v. Bischoff,* 89 Wis.2d 80, 277 N.W.2d 854 (1979).