NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0518n.06

No. 08-5974

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

**Jul 28, 2009**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                )
                                         )
          Plaintiff-Appellee,            )
                                         )
v.                                       )   ON APPEAL FROM THE UNITED
                                         )   STATES DISTRICT COURT FOR
STEPHEN LAVON SCOTT,                     )   THE   EASTERN   DISTRICT   OF
                                         )   KENTUCKY
          Defendant-Appellant.           )
                                         )
                                         )

Before:  KEITH, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Stephen Scott appeals the district court's denial of his motion to suppress evidence obtained during a traffic stop.  We affirm.

I.

On November 29, 2007, Lexington, Kentucky Police Officer Bryan Jared observed a blue Dodge sedan matching the description of a vehicle implicated in a narcotics investigation.  During Jared's observation, the vehicle travelled at 40-45 miles per hour in a 25 miles per hour zone and made an illegal turn.  Jared pulled over the vehicle and took the license of its driver, Scott, to conduct a warrants check.  At that point, a drug canine unit arrived.  Jared then requested Scott to exit the vehicle to allow the canine unit to conduct a "dog sniff."  The dog alerted, and the officers found 38.56 grams of crack cocaine, 54.76 grams of powder cocaine, and 8.7 grams of marijuana.

Scott was indicted for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). He filed a motion to suppress the evidence found during the search of his vehicle, arguing that Jared lacked probable cause to initiate a traffic stop. Scott also argued that Jared lacked probable cause to search his vehicle. The district court rejected both arguments and denied the motion. Scott entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motion.

This appeal followed.

## II.

"When reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law *de novo*." *United States v. Oliver*, 397 F.3d 369, 374 (6th Cir. 2005) (internal quotation marks omitted).

Scott makes two arguments on appeal. First, Scott argues that Jared lacked probable cause to conduct a warrantless traffic stop. "[A] roadside detention is lawful so long as the officer has probable cause to believe that the motorist has violated the traffic laws." *United States v. Garrido*, 467 F.3d 971, 977-78 (6th Cir. 2006). Under Kentucky law, an operator of a vehicle on a highway violates § 189.290(1) if he fails to "operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway." Ky. Rev. Stat. Ann. § 189.290(1). This section is often referred to as "reckless driving." *See United States v. Lopez*, __F.3d__, 2009 WL 1507294, at *1 (6th Cir. Jun. 1, 2009).

Scott contends that his driving did not endanger any other vehicle or pedestrian, and thus did not constitute reckless driving under Kentucky law, thereby rendering his detention unlawful. The

Kentucky Supreme Court has specifically held, however, that excessive speed or driving erratically constitutes reckless driving in violation of § 189.290(1). *See Stephens v. Commonwealth*, 356 S.W.2d 586, 587 (Ky. 1962) (speeding); *Lockridge v. Mercer*, 438 S.W.2d 486, 487-88 (Ky. 1968) (failure to give proper turn signal). Here, Scott was driving at nearly double the speed limit, and made an improper turn signal. Officer Jared therefore had probable cause to stop him.

Second, Scott argues that no probable cause existed for the canine sniff and subsequent search of his vehicle. But "[t]he Fourth Amendment does not require reasonable suspicion to justify using a drug-detection dog as long as the traffic stop and detention are not unlawful or improperly extended." *United States v. Bell*, 555 F.3d 535, 539 (6th Cir. 2009). A seizure becomes unlawful "if it is prolonged beyond the time reasonably required to complete that mission." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005).

Here, Scott was not detained any longer than necessary for the purposes for which he was initially pulled over. The canine team arrived before Jared even began to run the warrants check. The dog's alert then provided probable cause for the search of the vehicle. The sniff and search of Scott's vehicle, therefore, did not violate the Fourth Amendment.

The district court's judgment is affirmed.